IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHLEEN M. NORDLUND,

                Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                Defendant.

ORDER

14-cv-480-jdp

---

      Plaintiff Kathleen M. Nordlund seeks judicial review of a final decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, finding her not disabled as defined in the Social Security Act. During oral argument, the court questioned the ALJ's handling of Nordlund's moderate limitations in concentration, persistence, or pace, and the court requested supplemental briefing on the issue.[1] Now with the benefit of the original briefs, the oral argument, and the supplemental briefs, the court will remand this issue for further proceedings consistent with *O'Connor-Spinner v. Astrue*, 627 F.3d 614 (7th Cir. 2010). The ALJ's decision is generally thorough and well-reasoned, but remand is required so that the ALJ can fully account for Nordlund's moderate limitations in concentration, persistence, or pace.

---

[1] The Commissioner contends that Nordlund has waived the concentration, persistence, or pace issue by failing to raise it in her opening brief. Dkt. 20, at 1. The Commissioner is correct that the failure to raise an issue in an opening summary judgment brief would ordinarily constitute a waiver. But the court will not deem this argument to have been waived because it was raised by the court and both sides had a fair opportunity to be heard on it, both at oral argument and in supplemental briefing.

At step three of the sequential evaluation, the ALJ determined that Nordlund experiences moderate difficulties in concentration, persistence, or pace. R. 31.[2] The ALJ then determined that Nordlund has the residual functional capacity to perform "simple, routine and repetitive tasks, in a work environment where changes occur on no more than an occasional basis, and where there is no greater than occasional interaction with coworkers or the general public." R. 32. After thoroughly discussing the medical evidence in the record, the ALJ recognized that Nordlund suffers from schizoaffective disorder and often exhibits a depressed, dysphoric, or paranoid mood; however, medication appears to control her symptoms. R. 35-36. The ALJ ultimately concluded that "claimant's mental impairments were severe," and he allegedly accounted for those limitations when determining Nordlund's RFC. R. 36.

However, the ALJ did not explain how the RFC accounts for Nordlund's moderate limitations in concentration, persistence, or pace. The ALJ simply stated that "although she had ongoing issues that stemmed from her mental health impairments, the weight of the evidence did not suggest that she had additional limitations beyond those identified in the residual functional capacity statement." R. 37.

Nordlund's RFC likely does not fully account for her moderate limitations in concentration, persistence, or pace. Although the ALJ did not have to specifically include the terms "concentration, persistence, or pace" in the RFC, the phrasing must accommodate the claimant's CPP limitations. *O'Connor-Spinner*, 627 F.3d at 619. The Seventh Circuit has repeatedly rejected the notion that limiting a claimant to unskilled work, or simple, routine tasks, adequately accounts for moderate limitations in concentration, persistence, or pace.

---

[2] Record cites are to the administrative transcript, located at Dkt. 11.

*Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014); *see also Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015) ("[W]e have repeatedly rejected the notion that a hypothetical like the one here 'confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace.'"). Additionally, "'[f]ew if any work place changes' with limited 'interaction with coworkers or supervisors' deals largely with workplace adaptation, rather than concentration, pace, or persistence." *Varga*, 794 F.3d at 815.

Not only did the ALJ fail to explicitly account for Nordlund's moderate limitations in concentration, persistence, or pace, but the ALJ did not identify the cause of those moderate limitations or otherwise explain how the RFC is sufficient to account for Nordlund's mental limitations. Although the record indicates that Nordlund's moderate limitations in concentration, persistence, or pace are likely attributable to her schizoaffective disorder, the court has no way of knowing whether or how the ALJ's RFC accounted for Nordlund's limitations.

On remand, when determining Nordlund's RFC, the ALJ must fully account for Nordlund's moderate CPP limitations with specific references to the record. After including Nordlund's moderate CPP limitations in the RFC, the ALJ must be sure to incorporate those limitations in his hypothetical questions to the vocational expert. "As a general rule, both the hypothetical posed to the VE and the ALJ's RFC assessment must incorporate all of the claimant's limitations supported by the medical record." *Yurt*, 758 F.3d at 857.

The remaining issues that Nordlund raised would not, by themselves, warrant remand, although aspects of the ALJ's analysis could be improved. The ALJ's discussion of the medical opinion evidence seems conclusory viewed in isolation, but the analysis of the medical

opinions makes sense in light of the particularly thorough discussion of the medical evidence in the record. Nevertheless, on remand, the ALJ should expressly identify any evidence in the record that is inconsistent with the medical opinions if the ALJ withholds controlling weight. In assigning whatever weight is appropriate, the ALJ should expressly identify and apply the pertinent regulatory factors, as required under 20 C.F.R. § 404.1527. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citing 20 C.F.R. § 404.1527(d)(2)).

The court also recommends that the ALJ reconsider an aspect of his credibility determination. The ALJ discounted Nordlund's testimony largely because she received "conservative treatment." R. 37. However, not only did Nordlund undergo surgery when she had exhausted more conservative treatment options, but the mere fact that Nordlund treated her mental impairments with medication does not, without further explanation, necessarily undermine Nordlund's credibility. On remand, if the ALJ cites conservative treatment as a basis for discounting Nordlund's credibility, the ALJ should show the logical bridge from the evidence to his conclusion.

ORDER

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Kathleen M. Nordlund's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered October 28, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge